## DOWNHAM ET AL. v. ALEXANDRIA COUNCIL.

An ordinance of the city council of Alexandria imposed a license tax of two hundred dollars upon dealers in beer or ale by the cask which was not manufactured in that city, but brought there for sale. The defendants were commission merchants in that city, and dealt in beer and ale by the cask, not there manufactured, but brought there for sale without having obtained a license therefor, or having paid the required tax. In an action by the city council to recover of the defendants the license tax, *held*, that the ordinance, so far as it operated upon the business of the defendants, was not in conflict with that clause of the Constitution which declares that "Congress shall have power to regulate commerce with foreign nations, and among the several States;" nor with the clause which declares that "the citizens of each State shall be entitled to all the privileges and immunities of citizens of the several States;" it not appearing that the beer or ale in which they dealt was manufactured either in a foreign country or in another State of the Union. If they were manufactured within the State, the exaction of the special license tax for the privilege of selling them in casks in Alexandria, would not be obnoxious to either of those clauses of the Constitution.

ERROR to the Fourth Judicial District Court of the State of Virginia. The case was thus:

The Constitution by one clause declares that "Congress shall have power to regulate commerce with foreign nations, and among the several States;" and by another that "the citizens of each State shall be entitled to all the privileges and immunities of citizens of the several States." With these provisions existing, the city council of Alexandria, in Virginia, passed in June, 1867, an ordinance for the purpose of raising revenue for that year, and by it imposed a license tax, in proportion to the capital invested, upon all merchants commencing business, and a tax proportioned to their sales, upon all merchants who had been carrying on business for one year, prior to the first of June. The same ordinance also imposed a special license tax upon commission merchants commencing business, and a tax in proportion to the commissions received upon those who had been doing business for one year prior to the first of June. The ordinance further imposed a license tax of two hundred dol-

lars ".on all agents or dealers in beer or ale by the cask, not manufactured in this city (Alexandria), but brought there for sale."

In this state of things Downham & Co. were, at the commencement of this action, in August, 1867, and had been from the first of the previous June, conducting the business of liquor merchants and commission merchants in Alexandria, and at the same time had been dealing on commission in beer and ale by the cask, which was not manufactured in the city, but was brought there for sale. They obtained, as required by the ordinance, a license from the mayor of the city, as merchants and commission merchants, for the year ending June 1st, 1868, and paid the liquor tax; but they did not obtain a license to deal in beer and ale by the cask, which were not manufactured in Alexandria, but were brought there for sale; nor did they pay the tax of two hundred dollars required by the ordinance for such license. The city council brought the present action to recover that sum. The defendants set up b way of defence, that the ordinance, in the imposition of a tax upon dealers in beer or ale by the cask, when not manufactured in the city of Alexandria, but brought there for sale, was in conflict with the two clauses of the Constitution already above quoted.

The case was submitted to the Circuit Court of Alexandria County upon an agreed statement of facts, the parties waiving all matters of form and pleading, and expressing a desire to present for the decision of the court two questions:

1st. Whether the city council of Alexandria had exceeded its authority in imposing the tax upon dealers in "foreign ale or beer?"

2d. Whether the license of the defendants, as merchants and commission merchants, authorized them to deal in ale or beer by the cask, which was not manufactured in Alexandria, but brought there for sale, when the ordinance imposed a specific license tax upon this particular branch of the trade?

The Circuit Court gave judgment for the city, and the District Court affirmed the judgment, and this latter court

being the highest court of law in the State in which a decision could be had, the case was brought here for review; the plaintiffs in error assuming that the case came within the twenty-fifth section of the Judiciary Act.

*Messrs. Brent and Wattles, for the plaintiffs in error*, urged in this court the same positions which the defendant set up below.

*Mr. D. L. Smoot, for the city council of Alexandria, contra.*

Mr. Justice FIELD, after stating the case, delivered the opinion of the court as follows:

The argument of counsel proceeds upon the supposition that the beer and ale in which the defendants dealt was manufactured either in a foreign country, or in another State of the Union; but there is nothing in the record to warrant the supposition. The first question that the parties desired to present in the agreed statement is not, in truth, raised by the facts admitted. It is not alleged in the statement that the defendants were dealers in "foreign beer or ale," or even in beer or ale manufactured without the State of Virginia. It is only alleged that they were dealers in beer and ale by the cask, which was not manufactured in the city of Alexandria. For anything which appears, the beer and ale in which they dealt may have been manufactured in other parts of the State. If manufactured within the State, the exaction of the special license tax for the privilege of selling them in casks in Alexandria, would not, of course, be obnoxious to either clause of the Constitution cited. In that case, it would not interfere with any regulation of commerce with foreign nations, or between the States, or with any authority to make regulations for such commerce. Nor would it, in that case, impair any privileges or immunities of citizens of other States, who, equally with citizens of Virginia, and upon the same terms, could deal in the city of Alexandria in similar goods. It is only equality of privileges and immunities between citizens of different States that the Constitution guarantees.

The defendants have, in fact, presented for our consideration a possible, but not an actual question, one which may hereafter arise under the ordinance, but which has not arisen as yet; at least the record does not aver any facts which show that it has arisen, and we cannot indulge in presumptions to supply the omissions of material averments.

The second question presented in the statement depends for its solution upon the construction of local statutes, and does not involve the consideration of any act of Congress, or any provision of the Constitution of the United States.

We are of opinion that no question is raised by the record which this court can consider under the twenty-fifth section of the Judiciary Act, and the writ of error must, therefore, be

DISMISSED.